**In the Matter of Delmar P. KUCHAES, Respondent.**

No. 45S00–0901–DI–2.

Supreme Court of Indiana.

Jan. 5, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Re-

spondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 1993, Respondent filed suit against a vaccine maker and its parent company in state court on behalf of a woman allegedly injured by a polio vaccine and on behalf of her husband for loss of consortium. Before the defendants were obligated to respond to the complaint, a defendant advised Respondent that vaccination claims must first be brought in federal court under the federal "National Childhood Vaccine Injury Act." On the same day, Respondent filed a notice of voluntary dismissal of the state court action against all defendants. He then filed the claims in federal court, where he recovered $1 million for the woman in 1998. He dismissed the husband's claim on learning that loss of consortium claims are not compensable under the federal act.

In 1998, the state court granted Respondent's motion to reopen the state court action to pursue the husband's claim. In 2000, Respondent moved for default judgment, stating that the defendants had not appeared or answered the complaint. This was misleading because the suit had been dismissed before the deadline for a response and the defendants were not in default. Respondent was granted default judgment of $5 million, and he initiated garnishment proceedings in 2004. Until this point, Respondent provided the defendants no notice regarding the revived state court action, even though Trial Rule 5(A) requires service of all motions on any party not in default.

The defendants removed the case to federal court, which set aside the default judgment. Respondent brought an appeal, asserting that the action had not really been dismissed in 1993 and that the defendants were obligated to respond and monitor the case. The Seventh Circuit affirmed and sanctioned Respondent for bringing a frivolous appeal, ordering him to pay close to $58,000 for the defendants' attorney fees.

Respondent has no disciplinary history and now acknowledges that his argument that the state court action had not been dismissed was untenable.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.1:  Asserting a position for which there is no non-frivolous basis in law or fact.

3.3(a):  Knowingly making a misleading statement to a tribunal.

3.4(c):  Knowingly disobeying an obligation under the rules of a tribunal.

3.5(b):  Engaging in an improper ex parte communication with a court.

8.4(d):  Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a 180–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning February 17, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided

there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.